IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMPLY DELIVERED, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-1852 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| THE BAZAAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is defendant's motion for judgment on the pleadings. For the reasons explained herein, the record is insufficiently developed for the court to rule on the merits of the parties' claims and defenses.

## I. Background

This litigation concerns whether plaintiff Simply Delivered, LLC ("Simply Delivered") can recover a $97,000 payment sent on March 13, 2023, via electronic funds transfer to pay for goods it wished to purchase from defendant The Bazaar, Inc. ("Bazaar"). *See* Compl. ¶¶ 9–14, Dkt. No. 1. Simply Delivered was following payment instructions sent by someone—there is a material dispute about who and whether that person was a Bazaar employee—using Bazaar employee Jose Rodriguez's email account. *See* Compl. ¶¶ 10–12.

The person who controlled Rodriguez's email account on that occasion and provided the payment instructions defrauded Simply Delivered. Bazaar did not control the bank account to which the payment was wired. By the next day, when the real Rodriguez emailed Simply Delivered and advised it to stop payment, the bank account into which the funds had been wired had been drained, and the transfer could not be reversed. Compl. ¶¶ 13–14.

1

Invoking this court's jurisdiction based on the parties' diverse citizenships, 28 U.S.C. § 1332(a)(1), Simply Delivered filed a two-count complaint pleading negligence and breach-of-contract claims against Bazaar. Compl. ¶¶ 17–29. Bazaar filed an answer to the complaint and attached four exhibits. Now, before the completion of discovery, Bazaar moves under Rule 12(c) of the Federal Rules of Civil Procedure for entry of judgment on the pleadings. Dkt. No. 17.

## II. Rule 12(c) Standard

Rule 12(c) permits any party to move for entry of judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 519 (7th Cir. 2025) (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)). In this context, the term "pleadings" refers to the complaint, the answer, and any documents attached to the complaint and incorporated into it. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)); *see* Fed. R. Civ. P. 10(c). Rule 12(d) provides a procedure for converting a Rule 12(c) motion to one for summary judgment, requiring notice and a reasonable opportunity for the opposing party to respond. The Seventh Circuit has cautioned district courts against "allow[ing] motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Federated Mut.*, 983 F.3d at 313 (citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)); *see id.* at 313–14.

## III. Analysis

Bazaar's answer, to which is attached the purported verification of Jose Rodriguez, lacks the seal of a notary or other person authorized to administer oaths. *See* Dkt. No. 15-1. The verification, and the answer which it purports to verify, therefore does not meet the definition of

2

an affidavit. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985).

Under 28 U.S.C. § 1746, an unsworn declaration may be substituted for an affidavit if it includes a statement of the declarant in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." Rodriguez's verification, attached to the answer, reads in full: "I, Jose Rodriguez, am an employee of The Bazaar, Inc., the defendant in this action, and I am authorized and competent to make this verification on its behalf. I have read the foregoing Answer to the Complaint in this action, and I certify that the contents are true of my own knowledge, and on information provided to me by others, except as to those matters stated on information and belief, and as to those matters, I believe them to be true." Dkt. No. 15-1 at 1. Nowhere does Rodriguez subject himself to the penalties of perjury. *See id.* His purported verification does not conform substantially to the requirements of 28 U.S.C. § 1746. *See, e.g.*, *Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F Supp 3d 870, 885–86 (N.D. Ill. 2022), *recons. denied*, 2022 WL 16832723 (Oct. 24, 2022), *appeal dismissed sub nom. Zavala-Alvarez v. Rangoonwala*, No. 22-3012, 2023 WL 7450650 (7th Cir. Apr. 14, 2023); *G&G Closed Circuit Events, LLC v. Castillo*, 2017 WL 1079241, at *7 (N.D. Ill. Mar. 22, 2017).

Thus, neither Bazaar's answer nor Rodriguez's "verification" is an affidavit or an unsworn declaration. Even if the instant motion were converted to a summary judgment motion (which it is not), the motion would fail because the answer would be inadmissible to establish Bazaar's version of the facts. *See* Fed. R. Civ. P. 56(c)(4).

In addition, Bazaar's answer runs afoul of Rule 8(b), which sets two basic requirements for an answer to a complaint. The defendant must "state in short and plain terms its defenses to each claim asserted against it;" and "admit or deny the allegations asserted against it by an

opposing party." Fed. R. Civ. P. 8(b)(1)(A)–(B); *see id.* R. 8(b)(2)–(6).[1]  Bazaar's answer to the

amended complaint goes far beyond the required admissions and denials.  By way of illustration,

¶¶ 9–10 of the complaint read:

> 9. Bazaar is a self-proclaimed "national leader in buying and selling brand name distribution wholesale merchandise closeouts."  In 2023, Bazaar representatives met with Simply Delivered representatives at a trade show in Las Vegas, regarding the purchase of certain goods that Bazaar had recently made available, hereafter referred to as "the Goods."  Attached as Exhibit A is a true and correct copy of an invoice identifying the Goods and total cost of same.  Simply Delivered was interested in acquiring the Goods, and began communicating with Bazaar's designated sales representative Jose Rodriguez regarding the immediate their [sic] purchase and acquisition.  These initial discussions took place between Bazaar and Simply Delivered thru electronic mail (e-mail) and telephone conversations. Both Bazaar and Simply Delivered knew that "time of [sic] was of the essence" in consummating a deal —as stated earlier, once Bazaar's existing inventory of the Goods was sold, it would not be replenished and certainly not available at the discounted pricing.

> 10. While these conversations were ongoing, Jose Rodriguez lost control of his email address.  It is unclear at this time if Bazaar was the victim of a cyber security attack, or if someone else at Bazaar took over the account. During this time, the telephone lines of the company were also disabled, preventing direct communication between Bazaar and potential clients such as Simply Delivered.  When this occurred, Bazaar knew or in the exercise of reasonable diligence should have known that Rodriguez's email account was compromised, but failed to disclose or otherwise notify Simply Delivered and/or other customers who were engaged in business/potential

---

[1] Simply Delivered shares considerable responsibility for the length and complexity of Bazaar's answer, for its complaint is neither short nor clear concerning many important alleged facts.  *See, e.g.*, Compl. ¶¶ 9–12.  The complaint does not contain, as Rule 8(a)(2) requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Many of the complaint's paragraphs aggregate sentences and topics that should have been separated for clarity and to facilitate defendant's ability to formulate a straightforward response.  As a whole, the complaint runs afoul of the following requirement of Rule 10(c): "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Construing these rules, the Seventh Circuit has made clear that a defendant should not be required to respond to an excessively long and unintelligible complaint.  *See Stanard v. Nygren*, 658 F.3d 792, 797–800 (7th Cir. 2011).  But Bazaar did not move for a more definite statement, and it does not move to dismiss the complaint on account of its length and complexity.  Nevertheless, it is apparent that the failure of both sides to heed the requirements of Rules 8 and 10 contributed to the presentation of the facts at the Rule 12(c) stage in a murky, confusing manner.

business with Bazaar.

Compl. ¶¶ 9–10.

The answer's response to the two foregoing paragraphs spans seven pages and forty-four separately numbered subparagraphs. Ans. pp. 2–8, Dkt. No. 15. Citing exhibits attached to its answer, Bazaar describes the entirety of its purported history of transactions with Simply Delivered; asserts factual matter alleged nowhere in the complaint; and contradicts, in direct and indirect ways, several of the complaint's allegations. *Compare* Ans. pp. 2–8, *with* Compl. ¶¶ 9–10.

For example, consistent with ¶ 10 quoted above, Simply Delivered pleads that Rodriguez's email account was compromised by either an insider, that is (with inferences favorable to plaintiff), a Bazaar employee, or an outside actor not affiliated with Bazaar. *See* Compl. ¶¶ 10, 12, 14. The answer contradicts these allegations with Rodriguez's version of events: "The communications after March 10 at 9:09 a.m. until March 14 at 9:16 a.m. were not with Mr. Rodriguez, or any one [sic] else authorized by The Bazaar, but with a criminal posing as Mr. Rodriguez (the 'Imposter')." Ans. ¶ 9(g). The basis of this important factual averment is not stated. As explained below, all of Bazaar's arguments for dismissal on the pleadings hinge on resolution of the disputed factual question of whether someone with actual or apparent authority, such as a Bazaar employee, took control of Rodriguez's email account.

## A. Breach of Contract and Agency Principles

Bazaar contends that it did not form a contract with Simply Delivered because the alleged imposter lacked actual or apparent authority under agency law principles. *See* Mot. for J. on the Pleadings 7–11, Dkt. No. 17. This argument contradicts the allegations of ¶ 9 of the complaint that Simply Delivered could not have reasonably detected that someone other than Rodriguez

was sending the key email messages.  *See* Compl. ¶ 11.

Under Illinois principles of agency law (both parties argue their respective positions under the substantive law of Illinois), a principal, Bazaar here, may be bound to a contract on a theory of apparent authority "when a principal creates, by its words or conduct, the reasonable impression in a third party that the agent has the authority to perform a certain act on its behalf. Thus 'only the words and conduct of the alleged principal, not the alleged agent, establish the authority of an agent.' "  *Baumeister v. Deutsche Lufthansa, AG*, 811 F.3d 963, 969 (7th Cir. 2016) (citation modified) (quoting *C.A.M. Affils., Inc. v. First Am. Title Ins. Co.*, 715 N.E.2d 778, 783 (Ill. App. Ct. 1st Dist. 1999)).  Actual or express authority applies "when the principal explicitly grants the agent the authority to perform a particular act."  *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004) (citing *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 759 N.E.2d 174, 181 (Ill. App. Ct. 2d Dist. 2001)).

Applying either theory, the imposter's relationship with Bazaar and its communications, if any, with the imposter will play a central, even dispositive, role in the analysis of whether the imposter's email exchange with Simply Delivered formed a binding contract with Bazaar.  The pre-discovery record is insufficiently developed for the court to apply the foregoing principles of agency law consistent with Rule 12(c).

## B. Negligence: The Economic Loss Doctrine and Comparative Fault

Bazaar invokes Illinois's economic loss doctrine in support of dismissal of the complaint's negligence count.  Known in Illinois as the *Moorman* doctrine, "this doctrine bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations."  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 566 (7th Cir. 2012) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 448–49 (Ill. 1982)).

It is effectively impossible to assess the applicability of the economic loss rule on the current record. If, as Bazaar argues, it formed no contract with Simply Delivered because the imposter lacked actual or apparent authority, then no contractual relationship governed the parties' interactions, and principles of negligence determine what, if any, duty of care Bazaar owed to Simply Delivered. *See generally Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 813–14 (7th Cir. 2018) (discussing purpose and function of the economic loss doctrine). If, on the other hand, an enforceable contract was formed, then the question would be whether the facts, not clear on this record, fit any of the recognized exceptions to the *Moorman* economic loss doctrine. The exceptions are "rooted in the general rule that 'where a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty.' " *Wigod*, 673 F.3d at 567 (brackets omitted) (quoting *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 514 (Ill. 1994)). Illinois recognizes exceptions to the economic loss doctrine "for personal injuries or property damage resulting from sudden or dangerous occurrences, for fraud, and for negligent misrepresentations by professional business advisors." *Cmty. Bank of Trenton*, 887 F.3d at 813–14 (citing *Touche Ross & Co.*, 636 N.E.2d at 514). The parties debate whether the first exception applies. That need not be resolved today because, as explained in Part III.A above, whether and to what extent a contractual relationship governed the March 13, 2023, transaction requires resolution of disputed factual questions.

Bazaar's remaining arguments concern comparative fault and assumption of the risk. Bazaar maintains that the entire history of its course of dealing with Simply Delivered, plus an examination of the email communications surrounding the March 2023 purchase at issue, entitle Bazaar to entry of judgment on theories of comparative negligence and assumption of risk. *See*

Mot. for J. on the Pleadings 11–14. Bazaar's argument here is that Simply Delivered had always paid by credit card, and it ignored its own concerns about the sudden request to change to a wire transfer payment method. According to Bazaar, Simply Delivered thus failed to exercise ordinary care and assumed the risk of the fraud that occurred. *See id.*

To assess comparative negligence, the court "asks whether plaintiff used that degree of care which an ordinarily careful person would have used under like circumstances." *Clanton v. United States*, 20 F.4th 1137, 1141 (7th Cir. 2021) (citation modified). Ordinarily, "comparative negligence is an issue to be decided by the trier of fact." *Id.* at 1147 (applying Illinois law). Once Illinois adopted a comparative fault regime (as contrasted with contributory negligence), the defense of assumption of the risk "no longer bar[red] recovery. Instead, . . . comparative fault principle will operate to reduce plaintiff's recovery by that amount which the trier of fact finds him at fault." *Coney v. J.L.G. Indus., Inc.*, 454 N.E.2d 197, 204 (Ill. 1983); *accord Malen v. MTD Prods., Inc.*, 628 F.3d 296, 313 (7th Cir. 2010) (citations omitted). The assumption of the risk analysis therefore collapses into apportionment of comparative fault, if any, between the plaintiff and defendant. *See, e.g.*, *Malen*, 628 F.3d at 313.

The complaint here describes one of several contested facts material to the comparative fault analysis. Simply Delivered pleads in a prolix but non-conclusory manner that it and Bazaar knew that "time of [sic] was of the essence" in this transaction because "once Bazaar's existing inventory of the Goods was sold, it would not be replenished and certainly not available at the discounted pricing." Compl. ¶ 9. Bazaar invites the court to examine the parties' putative course of dealing in its entirety—even though it is not detailed in the complaint —and contradict the complaint's well-pleaded allegations that time was of the essence. But the court has no leeway here. The complaint's well-pleaded allegations may not be cast aside on a Rule 12(c) motion.

8

The pre-discovery record lacks sufficient information on the "time is of the essence" issue, as well as other issues of potential relevance to comparative fault, to rule on the pleadings.

In sum, Bazaar's arguments for dismissal of the complaint's negligence count turn on disputed factual questions and invite the court improperly to disregard or contradict the complaint's factual allegations. A Rule 12(c) "motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quoting *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). Without a more complete picture of the surrounding facts, application of comparative negligence principles would be premature.

## IV. Conclusion

For the reasons stated above, defendant The Bazaar Inc.'s motion for judgment on the pleadings, Dkt. No. 17, is denied.

Date: February 23, 2026

/s/ Joan B. Gottschall
United States District Judge